UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN WEESE, on behalf of
CHERYL SULT-WEESE

        Plaintiff,

v.

McLAREN GREATER LANSING
HOSPITAL,

        Defendant.
_____/

Case No. 1:22-cv-1169

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff "Dan Weese for Cheryl Sult-Weese." For the reasons set forth below, this complaint should be dismissed.

**I.**     **Discussion**

*Pro se* plaintiff has filed the following handwritten complaint (in his words):

> I bring this action due to Mclarens violation of HIPPA and Cheryl's Civil Rights in taking care of her in a waiting room in front of others instead in a private area and ording tests without being seen by an M.D. for her case claiming that her husband yelled at them when he tries to get information on my care which I have said he can due to HE is my payee from Social Security and advacted for me.

Compl. (ECF No. 1). The complaint is signed by Dan Weese. *Id*. at PageID.2.

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 5). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a

claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678  (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

As an initial matter, *pro se* plaintiff Dan Weese cannot file a lawsuit on behalf of Cheryl-Sult Weese and represent her in this Court.  Title 28 U.S.C. § 1654 provides that, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes

therein." Nothing in the record indicates that Mr. Weese is a licensed attorney.[1] While Mr. Weese can represent himself in federal court without an attorney, he cannot represent another person unless he is a attorney. "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). *See also, Zanecki v. Health Alliance Plan of Detroit*, 576 Fed. Appx. 594, 595 (6th Cir. 2014) (because "*pro se*" means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action"). Accordingly, plaintiff's complaint should be dismissed.

In addition, plaintiff's complaint fails to state a claim for relief. The complaint is directed at McLaren Greater Lansing Hospital. Plaintiff has failed to allege when the incidents occurred. While plaintiff has cited HIPPA (presumably the Health Insurance Portability and Accountability Act (HIPAA)) and referred to "Civil Rights," he does not allege who took care of Cheryl, what that person did, and how those actions violated either HIPAA or Cheryl's civil rights. Plaintiff's complaint consists of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  February 2, 2023         /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge

---

[1] Mr. Weese does not make an affirmative statement that he is an attorney. In this regard, he does not appear on the list of attorneys admitted to practice in the Western District of Michigan.

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).